IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JEROME JULIUS BROWN, GOOGLE.COM  #2040824 | * |
| | * |
| Plaintiff | |
| | * |
| v. | CIVIL ACTION NO. L-12-1160 |
| | * |
| PRINCE GEORGE'S COUNTY SHERIFF'S OFFICE SHERIFF ADGERSON | * |
| | * |
| Defendants | |
| | *** |

**<u>MEMORANDUM</u>**

On April 13, 2012, Jerome Julius Brown ("Brown"), a detainee at the Fairfax County Adult Detention Center, in Fairfax, Virginia, filed a Complaint seeking $80,000.00 in damages. The action is accompanied by an attachment related to a warrant of arrest for extradition filed on March 30, 2012 involving a flight from justice from Maryland on a charge of grand larceny. ECF No. 1.  The Complaint itself is completely incomprehensible as it consists of numerous repetitive disjointed sentences, and phrases that are nonsensical.

Plaintiff has filed approximately 100 cases with the Court and is subject to pre-filing restrictions under <u>In re: Jerome J. Brown</u>, Misc. No. 04-465 (D. Md.).[1]  His previous actions in the court generally consist of rambling memoranda and indecipherable attachments.  This case is no different.

---

[1] The miscellaneous standing order prohibits Brown from entering the Northern and Southern Divisions of the Court, limits him to one active case at a time, restricts the manner in which Brown may file papers with the Court, and directs how the Court is to handle/return the papers.

II. Standard of Review

While pro se actions are to be generously construed, federal courts are not required to conjure up questions never squarely presented to them.[2] See Beaudett v. City of Hampton, 775 F. 2d 1274, 1277 (4th Cir. 1985).  Further, a pleading which sets forth a claim for relief shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for judgment for the relief the pleader seeks.  See Fed. R. Civ. P. 8(a).  Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "courts are not bound to accept as true a legal conclusion couched as a factual allegation." See Erickson v. Pardus, 551 U.S. 89, 92 (2007); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569, n. 14 (2007) ("[o]n certain subjects understood to raise a high risk of abusive litigation, a plaintiff must state factual allegations with greater particularity than Rule 8 requires").

III. Analysis

To the extent that Brown is seeking federal court review of and intervention into his pending charge, his action shall be construed as a 28 U.S.C. § 2241 petition for habeas corpus relief and shall be dismissed.  Unless extraordinary circumstances are present, a federal court must not interfere with ongoing state criminal proceedings.  See Younger v. Harris, 401 U.S. 37, 53-54 (1971).  Pretrial habeas relief is only available if a petitioner has exhausted state court

---

[2] A federal court does not act as an advocate for a pro se claimant.  See Brock v. Carroll, 107 F.3d 241, 242-43 (4th Cir. 1996); Weller v. Department of Social Servs., 901 F.2d 387, 391 (4th Cir. 1990); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

remedies and "special circumstances" justify federal review.  See Dickerson v. Louisiana, 816 F.2d 220, 226-29 (5th Cir. 1987).   Brown has not exhausted his state court remedies.  In addition, Brown's indecipherable claims do not warrant federal intrusion.

Further, insofar as Brown is seeking to file a civil rights complaint under 42 U.S.C. § 1983 regarding the criminal charges recently filed against him, he is precluded from doing so in this Court.  Any claim for damages or declaratory relief based on his arrest and detention would be premature unless and until Brown's charges are dismissed with prejudice or otherwise invalidated.  See Heck v. Humphrey, 512 U.S. 477 (1994).  Brown cannot make a showing at this time.

IV. Conclusion

For the aforementioned reasons, the action is hereby dismissed.  A separate Order follows.

Dated this 26th day of April 2012.

/s/
_____
Benson Everett Legg
United States District Judge